**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RONALD D. PEAK,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM HUTCHISON, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00566-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

On April 24, 2023, the Court ordered Plaintiff to file a completed non-inmate in forma pauperis application ("IFP") or pay the filing fee by no later than May 25, 2023. (ECF No. 12.) Later that same day, prior documents mailed to Plaintiff were returned to the Court as "undeliverable." (ECF No. 13.)

Thus, on June 8, 2023, the Court sua sponte granted Plaintiff an extension of time to file a completed IFP or pay the full filing fee and ordered Plaintiff to provide an updated address to the Court by no later than July 10, 2023. (ECF No. 14.) To date, Plaintiff has failed to file an updated IFP or pay the filing fee. In addition, Plaintiff has failed to update his address.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

---

[1]　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's June 8, 2023 order expressly stated: "If Plaintiff failed to comply with this order in any way, the Court would recommend this action be dismissed." (ECF No. 14.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is recommended that this action be dismissed without prejudice

based on Plaintiff's failure to pay the filing fee or file a fully complete application to proceed *in forma pauperis* and for failure to update his address in compliance with this Court's June 8, 2023 order. (ECF No. 14.)

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**I.  RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: July 14, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**